UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL STEDMAN, *et al.*,

    Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

    Defendant.

NO. C18-1254RSL

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter comes before the Court on "Defendant's Motion for Partial Judgment on the Pleadings" pursuant to Fed. R. Civ. P. 12(c). Dkt. # 19. Defendant asserts that plaintiff Karen Joyce's claims for breach of implied covenant of good faith and fair dealing, bad faith, violation of the Insurance Fair Conduct Act ("IFCA"), and declaratory judgment are barred by the applicable three-year statute of limitations. Defendant also seeks dismissal of plaintiffs' claims under Washington's Consumer Protection Act ("CPA") for failure to allege legally cognizable damages. Only the limitations issue is discussed below. The Court certified the CPA issue to the Washington Supreme Court in a separate order.

Where, as here, a motion under Fed. R. Civ. P. 12(c) is used to raise the defense of failure to state a claim, the Court's review is the same as it would have been had the motion been filed

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 1

under Fed. R. Civ. P. 12(b)(6). McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). For purposes of this motion, the Court will assume the truth of plaintiffs' allegations and draw all reasonable inferences in their favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The allegations must give rise to something more than mere speculation that plaintiffs have a right to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Twombly, 550 U.S. at 570. "If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

## BACKGROUND

The allegations relevant to the statute of limitations issue are as follows:

Karen Joyce purchased "Personal Injury Protection" ("PIP") coverage from Progressive Direct Insurance Company ("Progressive"). PIP is a type of insurance that covers personal injuries sustained during a car crash, regardless of who is at fault. Progressive's policy was in effect on August 26, 2014, when Ms. Joyce was injured in a car crash. She filed a PIP claim with Progressive and received benefits. At some point, however, Progressive asked Ms. Joyce to undergo a medical evaluation by an independent healthcare provider. Apparently as a result of that evaluation, Progressive concluded that Ms. Joyce had reached "maximum medical improvement" and, on January 30, 2015, terminated her PIP benefits. In July 2018, plaintiffs filed this class action in King County Superior Court. Progressive argues that the undisputed facts show that Ms. Joyce's non-CPA claims are untimely.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 2

# DISCUSSION

The parties agree that a three-year statute of limitations governs Ms. Joyce's claims for bad faith, breach of implied covenant of good faith and fair dealing, violation of the IFCA, and declaratory relief.[1] Their disagreement arises over when the claims accrued. Progressive asserts they accrued on January 30, 2015 - the day the PIP benefits were terminated. Ms. Joyce argues that, because Progressive's actions were unlawful and Progressive did not explicitly warn Ms. Joyce that it was breaking the law or that she should consult a lawyer, the discovery rule tolls the limitations period in this case. Dkt. # 20 at 10. Alternatively, plaintiff argues that Ms. Joyce "would not have suffered damages until she paid for treatment out of pocket or canceled additional scheduled treatment when she could not pay for treatment." Dkt. # 20 at 11–12. Plaintiff asserts that her causes of action could not accrue until those damages were incurred.

"The statute of limitation time period generally runs from the time an action has accrued." Malnar v. Carlson, 128 Wn.2d 521, 529 (1996) (citing Rice v. Dow Chem. Co., 124 Wn.2d 205, 211 (1994)). "[U]nder Washington's discovery rule, a cause of action does not accrue until a party knew or should have known the essential elements of the cause of action - duty, breach, causation, and damages." Green v. A.P.C. (Am. Pharm. Co.), 136 Wn.2d 87, 95 (1998) (citing Ohler v. Tacoma Gen. Hosp., 92 Wn.2d 507 (1979)). "While the determination of when a plaintiff suffered actual damage is a question of fact, the issue can be decided as a matter of law if reasonable minds could reach but one conclusion." Hudson v. Condon, 101 Wn. App. 866, 875 (2000) (citing Allen v. State, 118 Wn.2d 753, 760 (1992)); Haslund v. City of Seattle, 86

---

[1] "Declaratory judgment actions borrow their statute of limitations from the underlying controversy." U.S. Tr. Co. of Del. v. Sun Life Assur. Co. of Canada, No. C12-1283MJP, 2014 WL 33670, at *2 (W.D. Wash. Jan. 6, 2014) (citing Reid v. Dalton, 124 Wn. App. 113, 122 (2004)).

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 3

Wn.2d 607, 620–21 (1976).

Plaintiff cites <u>Crisman v. Crisman</u>, 85 Wn. App 15 (1997), and a number of provisions of the Washington Administrative Code in support of the assertion that Progressive had a duty to disclose to Ms. Joyce that, by terminating her benefits, it was breaking the law. <u>Crisman</u> was a case in which the plaintiff's fiduciaries failed to disclose the fact that they "transferred corporate funds they received from the liquidation sale to their own benefit without Crisman's knowledge or consent." <u>Id.</u> at 22. The plaintiff in that case filed the lawsuit less than three years after the estranged wife of one defendant "told Crisman that she had seen Robert burning receipt books sometime in 1982 and in 1985 and that he had stored in his closet at home a bag of gems that he claimed constituted his share of Crisman's business." <u>Id.</u> at 18. It was not until she learned those facts that she would have discovered all of the essential elements of her conversion claim. Thus, <u>Crisman</u> stands for the proposition that failure to disclose a material *fact,* when required to do so by law, may toll the statute of limitations. <u>Id.</u> at 22.

In this case, Progressive not only told Ms. Joyce that it was terminating her PIP benefits, it also informed her that the reason for the termination was that she had reached maximum medical improvement. The facts of the allegedly unlawful conduct were known since January 30, 2015. Whether Progressive broke the law by terminating Ms. Joyce's benefits for the stated reason is a legal conclusion and, under Washington law, a failure to recognize that one has a legal cause of action does not toll the statute of limitations. <u>Green</u>, 136 Wn.2d at 95 ("The discovery rule does not require a plaintiff to understand all the legal consequences of the claim."); <u>Sahlie v. Johns-Manville Sales Corp.</u>, 99 Wn.2d 550, 554 (1983) ("A plaintiff may well be aware of the facts comprising the essential elements of the action without being aware that he

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 4

has a legal cause of action."). See also, Reichelt v. Johns-Manville Corp., 107 Wn.2d 761, 769-73 (1987).[2] Ms. Joyce was aware of the conduct giving rise to her claims as of January 30, 2015, the day she received notice that her PIP benefits had been terminated because she had reached "maximum medical improvement." Dees v. Allstate Ins. Co., 933 F. Supp.2d 1299, 1306-07 (W.D. Wash. 2013) (a tort claim arising from the insurer's handling of a PIP claim accrues when the insurer denied coverage). At the very least, the notice she received would have given her occasion to investigate the propriety of the termination.[3]

Ms. Joyce argues that, although she may have been wronged when Progressive terminated her insurance benefits, she did not suffer any damages until she was forced to pay for medical treatment herself or to cancel treatment because she lacked insurance. While those sorts of harm would undoubtedly be compensable, the question is whether the termination itself caused injury. "The statute of limitations is not postponed by the fact that further, more serious harm may flow from the wrongful conduct." Green, 136 Wn.2d at 96. Once Progressive terminated Ms. Joyce's benefits, coverage was withdrawn and liability for Ms. Joyce's medical bills would henceforth be shifted to the insured. At that moment, she was deprived of her insurance coverage. That loss

---

[2] There is some Washington authority at least vaguely in tension with this conclusion. See generally, Samuelson v. Cmty. Coll. Dist. No. 2 (Grays Harbor Coll.), 75 Wn. App. 340 (1994) (holding the discovery rule applied when a college failed to inform an employee of his eligibility for certain benefits, even though there were published regulations allowing the employee to determine his eligibility on his own). However, Samuelson is factually inapposite and, in light of the Washington Supreme Court's holding in Green, does not control.

[3] "The general rule in Washington is that when a plaintiff is placed on notice by some appreciable harm occasioned by another's wrongful conduct, the plaintiff must make further diligent inquiry to ascertain the scope of the actual harm. The plaintiff is charged with what a reasonable inquiry would have discovered. '[O]ne who has notice of facts sufficient to put him upon inquiry is deemed to have notice of all acts which reasonable inquiry would disclose.'" Green, 136 Wn.2d at 96 (quoting Hawkes v. Hoffman, 56 Wash. 120, 126 (1909) (alteration in original)).

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 5

and the attendant shift in liability are themselves appreciable harm, even if Ms. Joyce had not yet paid a bill or canceled an appointment.

The Court's holding is consistent with the purposes of the statutes of limitations and Washington law. Washington courts have held that "the word 'accrued' should be construed in a manner consistent with a prima facie purpose to compel the exercise of a right within a reasonable time without doing an avoidable injustice." <u>Gazija v. Nicholas Jerns Co.</u>, 86 Wn.2d 215, 220 (1975). Tolling the statute of limitations until Ms. Joyce actually paid a medical bill or avoided treatment would give the plaintiff and her doctors control over the date of accrual, completely unrelated to any act or omission on the insurer's part. If her doctors refrained from billing Ms. Joyce directly until months or years after the bill was first submitted to the insurer for payment, if Ms. Joyce were delinquent on making payments, or if there were a lengthy gap between treatments for any reason other than lack of insurance coverage, the limitations period would be extended despite Ms. Joyce being fully aware that Progressive had terminated her benefits based on a finding of maximum medical improvement. Separating accrual from any act or omission of the defendant when plaintiff was aware of all relevant facts would risk stale claims supported by untrusty evidence - the very problems that the limitations period was designed to avoid - and would hardly compel plaintiff to file suit within a reasonable time after the defendant's wrongful act.

## CONCLUSION

Given the facts of this case, Ms. Joyce's claims accrued on January 30, 2015. Thus, the three-year statute of limitations on her non-CPA claims expired in January 2018, approximately six months before this case was filed. Progressive's motion to dismiss Ms. Joyce's claims for

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 6

breach of implied covenant of good faith and fair dealing, bad faith, violation of IFCA, and declaratory judgment arising out of these claims is therefore GRANTED.[4]

This litigation is hereby STAYED until the Washington Supreme Court resolves the certified issues regarding plaintiffs' CPA claim.

Dated this 4th day of March, 2019.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

---

[4] Plaintiffs request leave to amend, but have not identified additional facts that could be pled consistent with their Rule 11 obligations or attached a copy of the proposed amended complaint for the Court's review. See LCR 15. Because litigation will continue, plaintiffs will have an opportunity to file a fully-supported motion for leave to amend. In such circumstances, the Court will not blindly grant leave to amend.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 7