UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTA PEOPLES, <br><br> Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, *et al.*, <br><br> Defendants. <br> _____ <br> JOEL STEDMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY, <br><br> Defendant. | NO. C18-1173RSL <br><br><br><br><br><br><br><br> NO. C18-1254RSL <br><br> ORDER CONSOLIDATING CASES AND CERTIFYING QUESTION TO THE WASHINGTON SUPREME COURT |

These matters came separately before the Court on the defendant insurance companies' motions for judgment on the pleadings. Defendants seek, among other things, dismissal of the Washington Consumer Protection Act ("CPA") claims asserted against them on the ground that plaintiffs have not alleged an injury to business or property. Dkt. # 12 at 11-13 in C18-1173RSL; Dkt. # 19 at 6-8 in C18-1254RSL. The Court finds that the viability of plaintiffs' CPA claims

ORDER CONSOLIDATING CASES AND
CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT - 1

can and should be tested together. It appears that consolidation solely for the purpose of certifying this issue to the Washington Supreme Court will improve the efficient resolution of the cases.[1]

Plaintiffs in the above-captioned actions allege that the defendant insurers engaged in per se unfair acts in the business of insurance when they curtailed plaintiffs' benefits under the Personal Injury Protection ("PIP") provisions of their automobile policies. Ms. Peoples alleges that United Services Automobile Association ("USAA") refused to pay medical provider bills whenever a computerized review process indicated that the bill ran afoul of a pre-determined screen or limit. She alleges that the failure to investigate or otherwise make an individualized determination regarding the reasonableness or necessity of the provider's charges before denying payment violates Washington's insurance regulations. See Folweiler Chiropractic, PS v. Am. Family Ins. Co., 5 Wn. App.2d 1002, 2018 WL 4087573, * 3-4 (Aug. 27, 2018). Mr. Stedman alleges that Progressive Direct Insurance Company ("Progressive") limited or terminated his PIP benefits when it unilaterally determined that the insured had reached "maximum medical improvement," a justification that is not authorized by Washington's insurance regulations. See Durant v. State Farm Mut. Auto. Ins. Co., 191 Wn.2d 1 (2018). USAA and Progressive seek dismissal of plaintiffs' CPA claims because the primary insurance benefit they seek, namely payment of medical bills and expenses, is or arises from a "personal injury" not recoverable under the CPA.

RCW 19.86.090 provides a right of action to "[a]ny person who is injured in his or her

---

[1] The Court has issued separate orders regarding the other issues raised in defendants' motions.

ORDER CONSOLIDATING CASES AND
CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT - 2

business or property by a violation of" the Consumer Protection Act. "The CPA's requirement that injury be to business or property excludes personal injury, 'mental distress, embarrassment, and inconvenience.'" Frias v. Asset Foreclosure Servs., Inc., 181 Wn.2d 412, 431 (2014) (quoting Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 57 (2009)). Damages arising from personal injury, including medical expenses, pain and suffering, and reimbursement for lost wages, are not injuries to business or property and are therefore not recoverable under the CPA.[2]

It is relatively common for Washington drivers who believe their insurance company failed to make a good faith investigation of their claim or otherwise violated applicable insurance regulations to bring a CPA claim against the insurer. These claims seek payment under the terms of the policies - including payments and reimbursements for medical expenses - and have been permitted to proceed despite the connection to "personal injuries." See, e.g., Keodalah v. Allstate Ins. Co., 3 Wn. App. 2d 312 (2018) (motorist injured in automobile accident brought a CPA claim against the adjuster who handled his underinsured motorist ("UIM") claim); Nelson v. Geico Gen. Ins. Co., 192 Wn. App. 1007, 2016 WL 112475 (2016) (pedestrian struck by motor vehicle brought a CPA claim against insurer for failing to disclose all the benefits of the relevant policies); Anderson v. State Farm Mut. Ins. Co., 101 Wn. App. 323 (2000) (remanding for trial a CPA claim regarding improper claims handling and violations of insurance regulations despite the fact that the UIM claim arose from a collision in which plaintiff fractured her leg and suffered other injuries); Van Noy v. State Farm Mut. Auto. Ins Co., 98 Wn. App. 487 (1999)

---

[2] Even some forms of property damage have been deemed not recoverable if the damage arises from an event that also caused personal injuries. See Hiner v. Bridgestone/Firestone, Inc., 91 Wn. App. 722, 730 (1998) (precluding recovery for damage to a vehicle where the damage occurred in the same collision that caused personal injuries).

ORDER CONSOLIDATING CASES AND
CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT - 3

(finding that a CPA claim could proceed where class members asserted that, as a result of State Farm's delay in making coverage determinations, they had incurred medical or therapy expenses that they otherwise would have avoided had the claim been timely denied); Escalante v. Sentry Ins. Co., 49 Wn. App. 375, 387 (1987) (holding that a passenger injured in an auto accident had standing to bring a CPA claim against the insurer for bad faith handling of the claim). The question raised in the above-captioned actions is whether these cases erroneously assumed that a CPA claim against an insurer was viable where the insured was injured in the underlying collision.

The insurers rely heavily on Ambach v. French, 167 Wn.2d 167 (2009). In Ambach, the Washington Supreme Court made clear that artfully pleading "economic" injuries arising from a tortfeasor's negligence - the same negligence that also caused bodily injury - cannot support a CPA claim. Ambach had shoulder surgery in 2002: she suffered a staph infection and had to have a second corrective surgery. Ambach sued the first surgeon, French, for negligence and violation of the CPA. The CPA claim was based on allegations of economic loss related to the excess cost of the initial surgery over alternative, conservative treatments Ambach could have chosen had French not deceived her regarding the benefits of the procedure he was selling. The Supreme Court noted that "[w]here plaintiffs are both physically and economically injured by one act, courts generally refuse to find injury to 'business or property' as used in the consumer protection laws" and held that "because Ambach's purported CPA injury is payment for a surgery from which personal injury also arose, she has failed to state a prima facie CPA claim." Id. at 174 and 179.

The actual holding of Ambach does not bar the CPA claims asserted in the consolidated

ORDER CONSOLIDATING CASES AND
CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT - 4

actions. Neither Ms. Peoples nor Mr. Stedman are attempting to bring a CPA claim against the persons who caused them bodily injury, as was the case in Ambach. Instead, they are suing a third-party to recover the benefits of insurance contracts they had previously purchased in order to protect themselves from economic losses arising out of automobile collisions. Plaintiffs are not attempting to hold the insurers liable for their collisions. Rather, it is the separate act of bad faith claim handling in violation of Washington's insurance regulations that gives rise to plaintiffs' claims against their insurers.

Ambach, however, contains language suggesting that a demand for insurance coverage to reimburse the insured for medical expenses or to pay medical providers is so connected to the insured's personal injuries, that a CPA claim challenging the way the insurer handled the claim is barred. Id. at 175-76. Federal courts in this district have grabbed hold of that language, precluding CPA claims against insurers for bad faith claim handling if the damages at issue involve unpaid medical bills. Heide v. State Farm Mut. Auto. Ins. Co., 261 F. Supp. 3d 1104, 1109-10 (W.D. Wash. 2017) ("Injuries that are derivative of a plaintiff's personal injuries do not constitute an injury to business or property sufficient to sustain an action under the CPA."); Dees v. Allstate Ins. Co., 933 F. Supp 1299, 1310-11 (W.D. Wash. 2013) ("Although [the plaintiff] is correct that money is property, and [the insurance company's] alleged failure to pay her medical bills may have caused her to pay those bills, payment for medical treatment 'does not transform medical expenses into business or property harm.'" (quoting Ambach, 167 Wn.2d at 175)); Haley v. Allstate Ins. Co., C07-1494RSM, 2010 WL 4052935, at *7-8 (W.D. Wash. Oct. 13, 2010) (dismissing CPA claim based on property damage consisting of the loss of funds necessary to pay uncovered medical bills). There is some indication that the state courts interpret

Ambach more narrowly and have not yet embraced a categorical bar against CPA claims brought by an injured insured. See Williams v. Lifestyle Lift Holdings, Inc., 175 Wn. App. 62, 73 (2013) ("The act that caused the alleged personal injury to Williams was the surgery; the acts that caused her alleged consumer injury were the advertising and sales techniques. Williams' Consumer Protection Act claim does not depend on proof that she sustained a personal injury as a result of the surgery. It depends on proof that the surgery was deceptively marketed, like a used car advertised as being new."); Hayes v. USAA Cas. Ins. Co., 185 Wn. App. 1055, 2015 WL 677143, at *5-6 (2015) (noting that then-Judge Mary I. Yu rejected the insurer's argument that a CPA claim challenging the way the insurer handled PIP claims was a claim for personal injuries and provided plaintiffs an opportunity to show that they had paid providers for charges that were unreimbursed and/or had "out-of-pocket" costs they would not have had the insurer complied with the insurance regulations).

Ms. Peoples alleges that, as a result of USAA's violations of the insurance regulations, she has sustained injury to her property and damages including, but not limited to, reduced insurance benefits, investigative expenses, and out-of-pocket costs. Dkt. # 1-1 at 16-18 in C18-1173RSL. Ms. Peoples seeks an award of "actual damages to be established at trial as provided by the Consumer Protection Act . . . ." Dkt. # 1-1 at 20 in C18-1173RSL. Mr. Stedman alleges that Progressive inserted into his policy an additional reason for terminating benefits, one not authorized and expressly precluded by the insurance regulations, and failed to provide the PIP coverage for which he paid. Dkt. # 11 at 11 in C18-1254RSL. He seeks to recover all damages arising from this conduct, including "the amount of any and all medical expenses incurred by claimants following Defendant's denial of PIP benefits." Dkt. # 11 at 13-14 in C18-1254RSL. In

response to Progressive's motion to dismiss the CPA claim, Mr. Stedman argues that money he has had to pay as a result of Progressive's per se unfair acts is, in other contexts, considered cognizable damage under the CPA. He also asserts that he paid premiums for PIP coverage that was unlawfully curtailed and lost the time it took to participate in the medical examination Progressive required to determine whether he had reached maximum medical improvement.

The Court finds that certification to the Washington Supreme Court to determine how Ambach applies in the insurance context is warranted. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process serves the important judicial interests of efficiency and comity: as noted by the United States Supreme Court, certification saves "time, energy and resources and helps build a cooperative judicial federalism." Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

This matter involves dispositive issues regarding whether monetary losses allegedly caused by violations of the Washington insurance regulations are recoverable under the CPA notwithstanding the fact that the insured was physically injured in the underlying automobile collision and sought coverage for costs and expenses related to those injuries. Courts in this district have attempted to predict how the state's highest court would apply Ambach in the insurance context, but the input of the Supreme Court will ensure that this case proceeds to

ORDER CONSOLIDATING CASES AND
CERTIFYING QUESTION TO THE
WASHINGTON SUPREME COURT - 7

judgment on a firm legal footing. Comity suggests that this matter should be presented for expedited review pursuant to RCW 2.60.020.

For all of the foregoing reasons, the following questions are hereby certified to the Supreme Court of Washington:

> With regards to the injury to "business or property" element of a CPA claim, can insureds in Ms. Peoples' and/or Mr. Stedman's circumstances, who were physically injured in a motor vehicle collision and whose Personal Injury Protection ("PIP") benefits were terminated or limited in violation of WAC 284-30-330, bring a CPA claim against the insurer to recover out-of-pocket medical expenses and/or to compel payments to medical providers?

> With regards to the "injury to business or property" element of a CPA claim, can insureds in Ms. Peoples' and/or Mr. Stedman's circumstances, who were physically injured in a motor vehicle collision and whose Personal Injury Protection ("PIP") benefits were terminated or limited in violation of WAC 284-30-330, bring a CPA claim against the insurer to recover excess premiums paid for the PIP coverage, the costs of investigating the unfair acts, and/or the time lost complying with the insurer's unauthorized demands?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the dockets in C18-1173RSL and C18-1254RSL, copies of Dkt. # 1-1, 12, and 31-34 in C18-1173RSL, and copies of Dkt. # 11, and 19-21 in C18-1254RSL. The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

//

The defendant insurers in this consolidated action are designated as the appellants before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

Dated this 4th day of March, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER CONSOLIDATING CASES AND CERTIFYING QUESTION TO THE WASHINGTON SUPREME COURT - 9