UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL STEDMAN and KAREN JOYCE, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>  Defendant. | Case No.  C18-1254RSL<br><br>AMENDED ORDER REGARDING THE MEANING OF "BASED ON" IN *DURANT* AND DENYING PROGRESSIVE'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on the "Joint Briefing Concerning Meaning of 'Based On' Maximum Medical Improvement as Used by the Washington Supreme Court in its *Durant* Decision." Dkt. # 76. Plaintiffs Joel Stedman and Karen Joyce purchased personal-injury-protection ("PIP") policies from defendant Progressive Direct Insurance Company. The policies provide coverage for "medical and hospital benefits," defined as:

> The reasonable and necessary expenses incurred by or on behalf of an insured person within three years of the date of the accident for health care services provided by persons licensed by law to render such services and for pharmaceuticals, prosthetic devices, eyeglasses, and necessary ambulance, hospital, and professional nursing services.

Dkt. # 45-3 at 3. Plaintiffs filed this class action lawsuit in July 2018 asserting that, despite the policy language, Progressive relied on a determination that its insureds had reached maximum

AMENDED ORDER REGARDING THE
MEANING OF "BASED ON" IN *DURANT* - 1

medical improvement ("MMI") or a fixed and stable condition to deny the payment of PIP benefits in violation of the Washington Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA"), in bad faith, and in breach of the implied covenant of good faith and fair dealing. In the context of determining that a class should be certified, the Court requested that the parties quickly and efficiently brief the meaning of "based on" as used by the Washington Supreme Court in *Durant v. State Farm Mutual Automobile Insurance Co.*, 191 Wn.2d 1 (2018), and in light of Progressive's communications with its insureds in order to resolve an ambiguity in the class definition.

In *Durant,* the Washington Supreme Court responded to two certified questions, the first of which asked "[d]oes an insurer violate WAC 284-30-395(1)(a) or (b) if that insurer denies, limits, or terminates an insured's medical or hospital benefits claims based on a finding of 'maximum medical improvement' ['MMI']." 191 Wn.2d at 7. The court answered the question in the affirmative. *Id.*, at 18-19. The court explained that WAC 284-30-395(1) lists the only four permissible bases for denying or limiting PIP benefits and makes unambiguously clear that "an insurer may deny PIP benefits 'only' for the reasons listed; no other reasons are permitted." *Id.*, at 8-9.[1] Use of MMI "as a primary criterion for limiting PIP benefits" violates the insurance regulations. *Id.* at 11 and 18 n.6.

In order to succeed on their class claims, plaintiffs must convince the fact finder that Progressive had a policy or practice of denying, limiting, or terminating PIP benefits "based on" its determination that the insured had reached (or was about to reach) MMI. Plaintiffs offer significant evidence of such a policy, including Progressive's template documents and their own experiences. With regards to Mr. Stedman, for example, the medical examiner was asked to

---

[1] The four permissible reasons are that the medical or hospital benefits are not reasonable, are not necessary, are not related to the accident, or were not incurred within three years of the accident. WAC 284-30-395(1). "These are the only grounds for denial, limitation, or termination of medical and hospital services permitted pursuant to RCW 48.22.005(7), 48.22.095, or 48.22.100." WAC 284-30-395(1).

AMENDED ORDER REGARDING THE
MEANING OF "BASED ON" IN *DURANT* - 2

opine separately on whether additional treatments would be "medically reasonable, necessary, and related to this accident" and whether Mr. Stedman's condition was at MMI. Dkt. # 45-19 at 3. Following the prompts provided, the medical examiner opined that Mr. Stedman had reached MMI on August 31, 2016, and that any treatment received after that date was not attributable to the motor vehicle accident. Dkt. # 45-20 at 9-10. In its letter terminating PIP benefits, Progressive stated:

> The IME provider indicates Joel Stedman's neck, middle and low back strains are related to this accident. Furthermore, the physiatric, physical therapy and massage therapy treatment received, as of 8/31/16, has been reasonable and necessary. Any additional physiatric, physical therapy and massage therapy treatment received after 8/31/16 was not medically reasonable and necessary and related to the 3/2/16 MVA.
>
> The report further indicates Joel Stedman's condition has reached a fixed and stable preinjury status, maximum medical improvement (MMI) on 8/31/16.

Dkt. # 45-21 at 2. Progressive asserts that its coverage decisions were always based on the four permissible criteria provided in WAC 284-30-395(1) and that it simply used MMI as "a factor considered in reaching the ultimate decision" that further treatment was not reasonable, necessary, or related to the accident. It argues that such a use does not run afoul of *Durant* or WAC 284-30-395(1) for two reasons. The first is that the mere mention of MMI - or its consideration as a factor in determining whether treatment is reasonable, necessary, or related to the accident - neither rises rise to the level of a "but for" cause nor satisfies *Durant*'s suggestion that MMI must be "a primary criterion." Dkt. # 76 at 14, 15, and 19. Based on the evidence in the record, however, one could reasonably find that the MMI determination was used to establish the date on which treatment became unreasonable, unnecessary, and unrelated to the accident. It was, essentially, deemed the equivalent of the permissible factors: when a medical examiner made an MMI determination, it automatically resulted in findings that additional treatment was therefore not necessary, not reasonable, and/or not related to the accident. The Washington

AMENDED ORDER REGARDING THE
MEANING OF "BASED ON" IN *DURANT* - 3

Supreme Court has determined that MMI is not the equivalent of the regulatory terms reasonable or necessary, however, because a limitation based on MMI excludes palliative care, which would otherwise be considered reasonable and necessary treatment to alleviate pain related to the motor vehicle accident. *Durant*, 191 Wn.2d at 14-15. Using MMI as a proxy or trigger for the required regulatory findings is not consistent with Washington law.

Second, Progressive argues that a coverage decision cannot be "based on" MMI unless it were the sole justification for the termination of benefits. Dkt. # 76 at 19-20. Based on this presumption, Progressive asserts that, even if it identified the MMI finding in its coverage letters as a reason for the denial of benefits, plaintiffs cannot rely on the letters to identify class members or to establish their claims because plaintiffs still have to show for each insured that Progressive "actually based a denial or reduction of benefits solely upon a finding of MMI" (*i.e.*, that Progressive would not have come to the same coverage determination in the absence of the MMI finding). Dkt. # 76 at 20. The Court disagrees for the reasons set forth in *Nichols v. GEICO General Insurance Co.*, C18-1253RAJ, 2021 WL 16611158 (W.D. Wash. Apr. 28, 2021).

> Under GEICO's interpretation of *Durant*, an insure[r] violates WAC 284-30-395(1) only if the sole reason for, or "primary criterion" of, the insured's denial was a finding of MMI. Dkt. # 77 at 3-4, 9. Put simply, GEICO argues that *Durant* prohibits MMI from being *the* reason an insurer terminates PIP coverage—not from being *a* reason an insurer terminates PIP coverage.
>
> . . .
>
> GEICO's argument ignores *Durant*'s explicit holding: "an insurer may deny PIP benefits 'only' for the reasons listed [in WAC 284-30-395(1)]; no other reasons are permitted." *Durant*, 191 Wn.2d at 9. Thus, an insurer violates the regulation if it denies PIP benefits for any reasons other than those listed in the regulation. For example, say an insurer denies PIP coverage for three reasons: treatment is no longer reasonable, treatment is no longer necessary, and a claimant has reached maximum medical improvement. The first two reasons are justified under WAC 284-30-395(1). The third is explicitly prohibited under *Durant*. Based on the Court's reading of *Durant*, it matters not that legitimate reasons are commingled with illegitimate ones: *Durant* prohibits the use of MMI as a reason to deny

coverage at all because MMI is not a reason listed in WAC 284-30-395(1). 2021 WL 16611158, at *12 (emphasis in original). Where Progressive includes the attainment of MMI (or a fixed and stable condition) in its coverage determination as a reason why PIP benefits were being terminated, *see* WAC 284-30-395(2), the denial is "based on" the impermissible criterion.[2]

Progressive next argues that, even if it based its termination decision on an illegitimate criterion, there would be no harm and no foul because - it implies without actually saying - it would have made the same determination based on the legitimate criteria of reasonableness, necessity, and/or relation to the accident. As discussed above, however, the documentation surrounding the named plaintiffs' PIP claims makes this assertion both speculative and doubtful. On the existing record, a jury could reasonably conclude that MMI was, in fact, the sole reason for termination and/or that Progressive improperly used MMI as a proxy that triggered the required regulatory findings without any separate analysis. Even if the Court were to assume that an injury-in-fact or standing issue might arise with regards to a breach of contract claim, Progressive makes no attempt to explain why a violation of Washington's insurance regulations would not support the tort claims asserted on behalf of the class.

For all of the foregoing reasons, the Court finds that if Progressive identified the achievement of MMI (or a fixed and stable condition) as a reason for the denial, termination, or limitation of PIP benefits, the coverage decision was "based on" that determination for purposes of *Durant*. While the mere utterance of a term like MMI or "fixed and stable" by a medical examiner does not, standing alone, raise an inference that the coverage decision was based on

---

[2] One could imagine a situation in which an insurer might reference MMI or "fixed and stable" in a context other than as a reason for the coverage determination. For example, the coverage letter might say something like, "the IME concluded that the insured had reached MMI on [date], but subsequent requests for benefits and examination show that that is not the case." The *sine qua non* of the *Durant* decision is that the MMI finding must be a reason for the termination of benefits.

AMENDED ORDER REGARDING THE
MEANING OF "BASED ON" IN *DURANT* - 5

the impermissible criterion, where the insurer has incorporated that finding into its coverage determination as justification, in whole or in part, for the termination of benefits, a reasonable fact finder could conclude that the insurer violated WAC 284-30-395. In light of the Court's finding, Progressive's motion for summary judgment on the ground that the evidence does not give rise to a reasonable inference "that Progressive ever denied benefits 'based on' a determination that [plaintiffs] had reached MMI" (Dkt. # 61 at 4) is DENIED.

        Dated this 29th day of October, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

AMENDED ORDER REGARDING THE
MEANING OF "BASED ON" IN *DURANT* - 6