UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL STEDMAN, *et al*.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>  Defendant. | Cause No. C18-1254RSL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on "Plaintiffs' Motion to Compel Responses to Discovery and for Sanctions." Dkt. # 86. Plaintiffs allege that Progressive's reliance on an independent medical examiner's finding that its insured had attained a fixed and stable condition or maximum medical improvement ("MMI") as justification for denying the payment of personal-injury-protection ("PIP") benefits violates Washington law. The Court certified a class of all insureds who had their PIP benefits terminated or limited "based, even in part, upon [Progressive's] determination that its insured . . . had reached 'maximum medical improvement' or a 'fixed and stable' condition." Dkt. # 74 at 11-12. The parties submitted supplemental briefing on the meaning of "based on," an issue which had to be resolved so that class members could be identified. The Court rejected Progressive's argument that a coverage decision was not "based on" MMI unless it were the sole justification for the termination of benefits, instead

finding that if Progressive identified the achievement of MMI (or a fixed and stable condition) as a reason for the denial of PIP benefits (*i.e.*, if Progressive incorporated that finding into its coverage determination as justification, in whole or in part), the coverage decision was "based on" that determination. Plaintiffs now seek to compel the production of correspondence with independent medical examiners and insureds[1] so that they can identify class members, send notice of this litigation to the class, and establish liability. Plaintiffs also request an award of fees under Fed. R. Civ. P. 37(a)(5)(A).

The motion is GRANTED in part.[2] For the most part, the information plaintiffs seek is not only relevant, but essential to their claims and the efficient resolution of this class action. The only way to identify class members and to establish that Progressive denied PIP benefits "based on" a finding of MMI is to review the claims in which an IME was conducted prior to a benefits denial/limitation and ascertain the insurer's justification for the coverage determination. Plaintiffs are not asking Progressive to perform the textual review or make the critical determination: they simply want Progressive to produce correspondence from a discrete universe of files[3] so that they can perform the necessary textual analysis.

---

[1] In particular, plaintiffs seek a list of all PIP claim files where the individual claimant underwent an IME and the production of all correspondence in those files that (a) was sent to the claimant and discusses the basis for terminating or limiting PIP benefits and/or (b) was sent to a medical provider and discusses the IME. Dkt. # 87-2.

[2] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that the matter can be resolved without oral argument.

[3] Progressive has identified a total of 1,892 claims in which IMEs were scheduled or performed after July 24, 2012. Dkt. # 89 at 6.

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 2

Progressive argues that it will be too burdensome to "locate, extract, and produce the requested documents."[4] Dkt. # 89 at 2. Progressive proposes, instead, that it be required to produce responsive documents from 100 randomly selected claims files, at which point the parties and the Court will be in a better position to evaluate the necessity of any remaining production. This procedure was used to bring the class certification issues before the Court, however, and the review of correspondence from a representative sample of claims files made clear the necessity of the requested production.

Progressive also suggests that it be permitted to substitute "internal billing endnotes related to IMEs" in place of the categories of documents plaintiffs requested because of the "practical hurdles and extreme cost associated with Progressive conducting a manual claim-by-claim review to obtain and provide" the information plaintiffs seek. Dkt. # 89 at 6. The fact that Progressive cannot identify all responsive documents with a single automated search does not show – or even suggest – that the requested discovery is unduly burdensome or non-proportional to the needs of the case. The information plaintiffs seek is critical, and the manual review of files in which adverse coverage determinations were made after an IME (presumably something less than the 1,892 cases in which an IME was performed) is not unreasonable in the context of

---

[4] Progressive also repeats its argument that a class should not have been certified where the identity of class members cannot be instantly ascertained The Court decided this issue against Progressive at the certification stage: "Identification of the absent class members will require a determination of the meaning of "based on" as used in *Durant* and a review of the written notices setting forth Progressive's bases for limiting PIP benefits. . . . [T]hese difficulties are not particularly complex and can be reasonably managed with some forethought and planning. The Court finds that the benefits of a single class action that resolves the common issues identified above outweighs the management challenges that will undoubtedly arise." Dkt. # 74 at 11 (footnote omitted).

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 3

this litigation. While Progressive is free to search for and compile the requested documents in any way it deems appropriate, it cannot insist that plaintiffs alter their request to mirror computer codes that may or may not adequately capture the requested information.

Progressive does, however, made a good point regarding the scope of the request for correspondence with medical providers. That request should be limited to correspondence regarding claims that were denied, terminated, or limited following the IME.[5]

For all of the foregoing reasons, Progressive is hereby ORDERED to supplement its production by (1) identifying each PIP claim made between July 24, 2012, and the present, on a policy issued by Progressive in Washington State, where the individual claimant underwent an IME and PIP benefits were subsequently denied, terminated, or limited; (2) producing all correspondence between Progressive and the claimant in each of those claims files; and (3) producing all correspondence between Progressive and the physician or medical provider who performed the IME in each of those claims files. Progressive may, if it chooses, individually review the correspondence and produce only those documents that touch on the justification for the coverage denial, termination, or limitation, but its production must be complete twenty-eight days after the date of this Order. Plaintiffs' request for an award of fees is denied.

---

[5] The Court declines to decide the statute of limitations issue in the context of this motion. The Court has already issued an order finding that the class period began on July 24, 2012. Progressive did not seek reconsideration of that order, and plaintiffs have filed a motion to amend to expressly state a contract claim, which would be subject to a six-year limitations period.

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 4

1      Dated this 22nd day of March, 2022.

                                                             */s/ Robert S. Lasnik*
                                                           Robert S. Lasnik
                                                           United States District Judge

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 5