UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL STEDMAN, *et al.*,

    Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE COMPANY,

    Defendant.

Cause No. C18-1254RSL

ORDER DENYING LEAVE
TO AMEND COMPLAINT

This matter comes before the Court on "Plaintiffs' Motion for Leave to Amend Complaint." Dkt. # 91. Because the Court issued a pretrial scheduling order that established a timetable for amending pleadings, plaintiffs must show both good cause for amendment under Rule 16(b) and that amendment is proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Plaintiffs have not addressed, much less satisfied, the first hurdle.

Under Rule 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent."[1] Plaintiffs have not shown good

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay.

ORDER DENYING LEAVE
TO AMEND COMPLAINT - 1

cause for an extension of the amendment deadline, which was June 19, 2020. Dkt. # 36. As of that date, defendants had sought and obtained dismissal of all but one of Mr. Joyce's claims on statute of limitations grounds, and there was no ambiguity regarding the nature of plaintiffs' claims or the limitations periods that applied. *See* Dkt. # 27. Even if a breach of contract claim had been "inadvertently" deleted during the drafting of the complaint (Dkt. # 91 at 2), the error was apparent long before the deadline for amending pleadings. Plaintiffs were not diligent in bringing before the Court all known causes of action, and to the extent they thought they would be permitted to pursue a claim that had not been asserted, the belief was not reasonable. Because the breach of contract claim could have and should have been asserted prior to June 19, 2020, good cause to amend the scheduling order has not been shown.

//

//

---

Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson*, 975 F.2d at 609. *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER DENYING LEAVE
TO AMEND COMPLAINT - 2

1        For all of the foregoing reasons, plaintiff's motion for leave to amend the complaint (Dkt.
2 # 91) is DENIED. The class period is hereby amended to start on July 24, 2014.

5        Dated this 28th day of March, 2022.

                                         Robert S. Lasnik
                                         United States District Judge

ORDER DENYING LEAVE
TO AMEND COMPLAINT - 3