UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL STEDMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE CO., <br><br> Defendant. | Cause No. C18-1254RSL <br><br> ORDER |

This matter comes before the Court on the "Stipulated Motion to Distribute Certification Notice" (Dkt. # 102) and defendant's "Objection to Class Definition for Class Notice Purposes and Plaintiffs' Response Thereto" (Dkt. # 103). Progressive argues that the class, as certified by the Court in July 2021, is an impermissible "fail-safe class" because it assumes a contested fact and therefore prevents the entry of an adverse judgment against class members because their inclusion in the class is conditioned on success on the merits. Progressive did not raise this argument in opposition to plaintiffs' motion for class certification, nor did it seek reconsideration of the class as it was certified eighteen months ago. While the Court has broad authority to revise, redefine, and even vacate class certification determinations, it declines to exercise that authority on the eve of class notice.

ORDER - 1

In the alternative, the Court denies defendant's request on the merits. Even if a "fail-safe class" were prohibited in the Ninth Circuit – and it is not clear that it is[1] – Progressive's argument is unpersuasive. Membership in the class depends on the reason Progressive gave for the limitation, termination, or denial of PIP benefits. Whether the limitations, terminations, and denials were the result of the insurer's policy or practice, whether the proffered rationale violated WAC 284-30-395, the Insurance Fair Conduct Act, and/or the Washington Consumer Protection Act, and whether declaratory relief is available in the circumstances presented here remain to be determined on a class-wide basis. As was the case in *Melgar v. CSK Auto, Inc.*, 681 Fed. App'x 605, 607 (9th Cir. 2017), the class definition is not an impermissible fail-safe class that presupposes its success where "the liability standard . . . required class members to prove more facts to establish liability than are referenced in the class definition."

For all of the foregoing reasons, the Court approves the proposed Class Notice and notice program. Progressive's objection to the class definition is overruled.

Dated this 24th day of January, 2023.

Robert S. Lasnik
United States District Judge

---

[1] *Melgar v. CSK Auto, Inc.*, 681 F. App'x 605, 607 (9th Cir. 2017) (stating that "our circuit's caselaw appears to disapprove of the premise that a class can be fail-safe"); *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 575 (N.D. Cal. 2018) (identifying "numerous district court decisions" certifying cases with "fail-safe" definitions); *see also* William B. Rubenstein, 1 Newberg on Class Actions § 3:6 (5th ed.) ("many courts have held that class definitions referencing the merits of the case are not necessarily problematic").

ORDER - 2