THE HONORABLE JAMAL N. WHITEHEAD
NOTING DATE: JANUARY 17, 2024 @ 9:00am

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL STEDMAN, on behalf of himself and all others similarly situated; KAREN JOYCE, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

PROGRESSIVE DIRECT INSURANCE CO., a foreign automobile insurance company,

Defendant.

CASE NO. 2:18-cv-1254 JNW

**MOTION FOR FINAL APPROVAL**

Plaintiffs Joel Stedman and Karen Joyce, on behalf of themselves and the certified Class they represent, respectfully submit this Motion for Final Approval.

## I. INTRODUCTION.

This is a class action brought by individuals insured under Progressive's Personal-Injury Protection ("PIP") insurance policy. In the lawsuit, the Plaintiff alleges that the Defendant violated Washington Administrative Code §284-30-395 by limiting PIP benefits based on the finding that the insured had reached or would soon reach "Maximum Medical Improvement" ("MMI"). Under WAC §284-30-395(1), insurers are only allowed to deny, limit, or terminate benefits if the insurer determines claimed medical expenses are not



**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

reasonable, not necessary, not related to the subject accident, or not incurred within three years of the date of loss.[1]

In granting preliminary approval, the Court already concluded the proposed Settlement was "…fair, reasonable, and adequate…" Dkt. #125, pg. 11. Since preliminary approval, completion of the notice program has confirmed that the settlement remains fair, and that final approval should be granted.

The Settlement Administrator, Simpluris, completed the Court-ordered notice program by distributing settlement notice by U.S. mail and e-mail to Class Members. Although notice saturation for U.S. mail notice was very high (97.48%), no Class Member has objected nor opted-out. *See* Declaration of Meagan Brunner, Simpluris Representative ("Brunner Dec.") Thus, the Class Members' reaction is a resounding endorsement of the proposed Settlement and monetary relief.

The Settlement provides meaningful relief for Class Members whose Personal-Injury-Protection benefits were limited based on Progressive's assertion that they had reached Maximum Medical Improvement ("MMI") or a fixed-and-stable condition, in violation of WAC §284-30-395. The proposed Settlement allows each Class Member to recover the value of any denied medical expenses up to the value of their remaining policy benefits, as well as associated prejudgment interest. According to Plaintiffs' calculated estimates, Class Members will receive a median net distribution of $1,599.28, with an average net payment of $3,177.23.

---

[1] Progressive denies all liability, denies the allegations in the lawsuit, and denies that it limited PIP benefits based on a finding that the insured had reached or would soon reach "Maximum Medical Improvement."



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Plaintiffs respectfully request the Court (1) approve the proposed Settlement as fair, adequate, and reasonable; (2) determine that adequate notice was provided to the Settlement Class; (3) approve Class Counsel's requested attorneys' fees and costs as set forth separately in that motion ; and (4) approve individual incentive awards of $5,000 to Class Representatives Joel Stedman and Karen Joyce.

## II. FACTS.

On August 17, 2023, the Court granted the Parties Stipulated Motion for Preliminary Approval (the "Order"). Dkt. #120. Since that ruling, the Parties have completed the comprehensive and targeted notice program. *See* Brunner Declaration.

Court-appointed Settlement Administrator Simpluris, Inc. ("Simpluris") sent copies of the Court-approved notice to Class Members by U.S. Mail and e-mail. *Id*., ¶8-9. On November 13, 2023, Simpluris e-mailed notice to 358 Class Members for whom a valid e-mail address was available. Id., ¶8. The same day, Simpluris also mailed copies of the notice by U.S. Mail to 437 Class Members, of which 97 were initially returned. *Id*., ¶9-10. After additional address searches, Simpluris was able to resend and forward the returned notices to 86 Class Members. Ultimately, only 11 notices were undeliverable. *Id*., ¶10. Class Counsel estimates that approximately 97.5% of Class Members received Class Notices by U.S. Mail.

As of January 2, 2024, almost six weeks after the initial mailing date, no objections or opt-out requests have been received by Simpluris or Class Counsel. Declaration of Mark Trivett, ¶24.



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## III. DISCUSSION.

### A. The Settlement Merits Final Approval.

To approve a class action settlement, a court must determine that the settlement is "fair, reasonable, and adequate." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022) (quoting Fed. R. Civ. P. 23(e)(2)).

To determine whether a settlement is fair, reasonable, and adequate, courts must address a number of factors:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1026 (9th Cir. 1998)

In considering whether to grant preliminary approval to the Settlement, the Court reviewed the question with the same level of scrutiny as it is required to do now. Dkt. #125. The Parties' Stipulated Motion for Preliminary Approval of Class Action Settlement (Dkt. #120) addressed all but one of these factors. The remaining factor – the reaction of the Class Members to the proposed settlement – also supports final approval.

#### 1. Previously Considered Factors.

##### a. The strengths and risks of the Plaintiffs' case.

The strengths and risks of the Plaintiffs' case remain the same as they were at preliminary approval. Dkt. #120, pg. 12-13. In short, this litigation was risky given that Progressive had repeatedly demonstrated its resolve to fiercely contest the Class's claims, and that many categories of damages, such as claims arising from remaining insurance



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

benefits or overpaid premiums, are arguably too uncertain for class wide relief and may undermine the Class's commonality and manageability. Further, because Progressive's records only track reason codes showing when expenses were denied based on an IME and does not differentiate between expenses denied based on MMI and those denied based on a lawful basis under WAC §284-30-395. For this reason, Progressive could have argued that damages for denied medical expenses were not liquidated, and that Class Members were not entitled to prejudgment interest. Finally, Progressive has consistently argued that the *Durant* decision, issued after most Class Members' PIP claims were resolved, precluded an award of treble or exemplary damages. All of these arguments, as well as Progressive's litigation posture, posed potential risks.

**b. Further litigation would be expensive, complex, and lengthy.**

Continued litigation would require additional expenses for discovery, depositions, and experts, and would likely require a lengthy and hotly contested trial. All of these expenses would ultimately be deducted from the Class's recovery, if any. Final approval is also supported by the additional complexity which would result from further litigation – including the need for extensive expert analysis on medical billing records, or to obtain representative evidence of claims against remaining PIP benefits from Class Members. Absent a settlement, the trial would have been lengthy and complex, and presented a substantial risk of defeat.

**c. The risk of certifying a class and maintaining the case as a class action.**

The Court certified the *Stedman* Class on July 19, 2021. *See* Dkts. #74 & 97. Nonetheless, the Settlement avoids many of the risks posed by Progressive's defenses on the questions of liability and damages, or the risk of decertification at or after trial.



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**d. The relief offers in the Settlement is more than adequate.**

Upon final approval by the Court, the Settlement Administrator will prepare and distribute settlement checks to each Class Member, which will represent their pro rata allocation after deductions for Court-approved attorney's fees and costs, and incentive awards. Dkt. #121-1, ¶3.5(a). Class Members are expected to receive net allocations equal to **135% of their denied medical expense damages (up to policy limits) and prejudgment interest** accrued up to May 2023**.** Trivett Dec., ¶22. The checks will be effective for one-year, and Class Members can request that they be re-issued. Dkt. #121-1, ¶3.10. After one year, any remaining settlement funds will revert to the Washington State Unclaimed Property Fund in Class Members' individual names. *Id*. No funds will revert to Progressive. *Id*. This is substantial and meaningful relief for Class Members.

Further, the allocation plan described in the Class Notice fairly and evenly distributes the financial benefit of the litigation across all Class Members, including those with de minimis denied medical expenses or little value on their PIP policies. No Class Member has objected to the proposed relief and compensation.

**e. The settlement is the result of informed and candid discussions.**

Prior to Settlement, the Parties litigated this action for over five years, and Plaintiffs reviewed individual claim file materials for each Class Member in association with their Motion for Partial Summary Judgment. Dkt. #106 & 108. Further, the Parties' settlement discussions occurred over roughly a nine-month period and included a full-day mediation in January 2023. By any measure, the Partie's negotiations were extensive and arm's length.



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**f. Class Counsel Believe the Settlement Is An Exceptional Result.**

Class Counsel are effective class action advocates and believe that the Settlement is an exceptional outcome in light of potential risks of continued litigation. For example, from briefing filed in *Durant*, it appears the gross settlement provided "100% of actual denied claims suffered by the Settlement Class members, and also includes some interest." *See Durant*, Case No. 2:15-cv-01710-RAJ, Dkt. #105, pg. 21 (Oct. 11, 2018). Here, the proposed gross settlement value provides Class Members with recovery equal to **207% of both** actual denied claims up to policy limits and prejudgment interest. Dkt. #121, ¶12, Trivett Dec., ¶22.

**2. New Factor for Consideration.**

**a. Class Member Reaction.**

The Class Notice also disclosed that Class Counsel would seek a monetary value equal to 33.33% of the gross settlement value plus litigation costs, and that the individual Class Representatives were seeking incentive awards of $5,000. Brunner Dec., Ex. A. No objections or opt-out requests were received from Class Members to these requests. *Id.*, ¶13, and Trivett Dec., ¶24.

This is a conclusive and emphatic endorsement of the proposed Settlement, as well as Class Counsel's requested fee award and the Class Representative's proposed incentive awards. The Class's endorsement supports final approval of this Settlement.

**IV. CONCLUSION.**

As the evidence attached to this Motion demonstrates, Settlement Class Members have been provided the opportunity to object or opt-out of the proposed Settlement. To date, no Class Member has done so. As such, Class Counsel moves the Court to: (1) approve the Settlement, and find it fair, reasonable, and the result of arm's length negotiations, (3) order



BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Progressive to fund the settlement, and (4) order Simpluris to distribute settlement funds to Settlement Class Members.

*I certify that this memorandum contains 1688 words, in compliance with the Local Civil Rules.*

DATED this 2nd day of January, 2024.

**BADGLEY MULLINS TURNER, PLLC**
*s/ Mark A. Trivett*
Mark Trivett, WSBA No. 46375
Duncan Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Email: mtrivett@badgleymullins.com
Email: dturner@badgleymullins.com

**LAW OFFICES OF DANIEL R. WHITMORE, P.S.**
*s/ Dan Whitmore*
Dan Whitmore, WSBA No. 24012
6840 Fort Dent Way, Suite 210
Tukwila, WA 98188
Phone: (206) 329-8400
Email: dan@whitmorelawfirm.com

**LAW OFFICE OF RANDALL C. JOHNSON, PLLC**
*s/ Randall C. Johnson, Jr.*
Randall C. Johnson, Jr., WSBA No. 24556
P.O. Box 15881
Seattle, WA 98115
Telephone: 206-890-0616
Email: rcjj.law@gmail.com

***Attorneys for Plaintiffs and Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com