UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL STEDMAN AND KAREN JOYCE,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE INSURANCE COMPANY AND PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 2:18-cv-1254<br><br>ORDER GRANTING, IN PART, PLAINTIFFS' MOTION FOR ATTORNEY'S FEES, COSTS, AND CLASS REPRESENTATIVES' INCENTIVE AWARDS |

WHEREAS, Class Counsel has submitted authority and evidence supporting their Motion for Attorney's Fees, Costs and Class Representative's Incentive Awards; and

WHEREAS, the Court, having considered the pleadings on file and being fully advised, finds that good cause exists for entry of the Order below; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Motion for Attorney's Fees, Costs and Incentive Awards.

2. The Court has appointed Badgley Mullins Turner, PLLC, the Law Offices of Daniel R. Whitmore, and the Law Offices of Randall C. Johnson as Class Counsel.

3. Class Counsel has requested the Court award $716,666.67 as attorney's fees, and an additional $10,688.55 in costs, to be paid directly from the common Settlement fund. The fee award requested represents 33.33% of the gross settlement fund, which exceeds the Ninth Circuit benchmark for percentage awards in common fund cases.

4. The Court finds that attorneys' fees of $700,000 is fair and reasonable. The Court reaches this conclusion after analyzing (a) the results Class Counsel achieved; (b) Class Counsels' risk in this litigation; (c) the complexity of the issues presented; (d) the hours Class Counsel worked on the case; (e) Class Counsels' hourly rate; (f) the contingent nature of the fee; and (g) awards made in similar cases.

5. Class Counsel submitted declarations and other information for the Court to perform its lodestar cross-check. The Court finds the hours claimed by Class Counsel were reasonably expended on the investigation, preparation, filing, and litigation of the Plaintiffs' and Class's claims. The Court applies the reasonable number of hours to the reasonable hourly rates charged by Class Counsel, as

defined by the prevailing community rates for similar work, *see Blum v. Stenson*, 465 U.S. 886, 895 (1984), which achieves a lodestar of $608,668.60.

6. Class Counsel performed high-quality work, resulting in a favorable collective settlement for Class Members, including damages and accrued prejudgment interest. *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."). Thus, the Court finds that an attorney fee award resulting in a multiplier of 1.15 is well within the bounds of appropriateness.

7. The litigation expenses and costs incurred by Class Counsel were reasonable, and necessary.

8. Based on the foregoing findings and analysis, the Court awards Class Counsel $700,000 in attorney's fees, and $10,688.55 in costs.

9. The Court also awards $5,000 as an incentive award for each of the individual Plaintiffs/Class Representatives in recognition of their contribution to this litigation and advocacy on behalf of their fellow Class Members.

Dated this 23rd day of January, 2024.

_____
Jamal N. Whitehead
United States District Judge